# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

NORA FARACE, et al.,

        Plaintiffs,

v.

AMERICAN AIRLINES, INC., et al.,

        Defendants.

2:10-cv-00724-KJD-LRL

**O R D E R**

    This case comes before the court on defendant American Airlines' Motion for Order Fixing Expert Witness Fee (#18). The court has considered the motion, plaintiffs' Response (#19), and the Reply (#20) of defendant American Airlines (hereafter American).[1]

    This is a personal injury action in which plaintiff Nora Farace alleges that she was injured when she tripped and fell on a "jet bridge" or "jetway" between an American aircraft and the terminal gate at McCarran International Airport. She alleges that the unevenness of the walking surface of the jetway, and the lack of adequate warnings, posed an unreasonable danger to departing passengers. Plaintiffs have retained a safety engineer, one Lewis Barbe, who inspected the jetway at issue, and who prepared a report critical of American. American wishes to depose Mr. Barbe, and is willing to do so in Edina, Minnesota, where Mr. Barbe's consulting service is located. American objects, however, to Mr. Barbe's "exorbitant fee": $2,800 flat fee for a minimum of four hours, to be paid in advance. Motion (#18) at 2. American represents that the deposition will not take more than two hours. American therefore believes Mr. Barbe's fee is excessive and unreasonable. At American's request, counsel for plaintiffs discussed the issue with Mr. Barbe, who, according to plaintiffs' counsel, declined to modify the fee

---

[1] Disappointingly, neither party cites supporting case law.

1 and explained that "this fee is based on a daily rate and includes the time needed to prepare for his
2 deposition, the time to attend the deposition and the time to travel to and from the deposition." Response
3 (#19) at 1-2. Plaintiffs take no position on the reasonableness of Mr. Barbe's demand.

4       Fed.R.Civ.P. 26(b)(4)(E) provides that "[u]nless manifest injustice would result, the court must
5 require that the party seeking discovery ... pay the expert a reasonable fee for time spent in responding
6 to discovery under Rule 26(b)(4)(A) or (D)." "An expert's hourly rate for professional services is
7 presumptively a reasonable hourly rate for deposition." *Barrett v. Nextel Communications, Inc.*, 2006
8 WL 374757 (E.D. Mich. 2006). Several factors may be relevant in determining a reasonable fee for an
9 expert: "(1) the witness's area of expertise; (2) the education and training that is required to provide the
10 expert insight which is sought; (3) the prevailing rates of other comparably respected available experts;
11 (4) the nature, quality and complexity of the discovery responses provided; (5) the fee actually being
12 charged to the party who retained the expert; (6) fees traditionally charged by the expert on related
13 matters; and (7) any other factor likely to be of assistance to the court in balancing the interests
14 implicated by Rule 26." *U.S. Energy Corp. v. Nukem, Inc.*, 163 F.R.D. 344, 345-46 (D.Colo. 1995).
15 Of course the expert's fee should not be so high as to impair a party's access to necessary discovery or
16 result in a windfall to the expert. *Mathis v. NYNEX*, 165 F.R.D. 23, 24 (E.D.N.Y. 1996).

17       Other than what Mr. Barbe is demanding to be paid in advance for his deposition testimony,
18 counsel have provided the court no information about him, including the extent of his education and
19 experience, the fee rate he is charging plaintiffs, whether the subject matter of his anticipated deposition
20 testimony is unusually complex, and the fees he charges on related matters. Nor has the court been
21 made aware of the prevailing rates charged by other comparably respected experts. The court assumes,
22 however, and there is no showing otherwise, that as a consulting engineer Mr. Barbe is "not like the
23 physician who may have to block out time when he or she could see patients," and therefore may be
24 justified in charging a flat rate fee for his or her deposition. *Massasoit v. Carter*, 227 F.R.D. 264, 267
25 (M.D.N.C. 2005)(finding exorbitant a flat rate fee of $2,000 for a deposition, "which could amount to
26 over $600 per hour").

2

The court finds that the flat rate fee Mr. Barbe is demanding in this case is inappropriate, unreasonable, and excessive. If the deposition were to last two hours, as American says, Mr. Barbe's fee would be $1,400 per hour, which is indisputably excessive. Indeed, a four-hour deposition at the rate of $700 per hour is clearly excessive. This court is of the view that the appropriate measure of an expert witness's compensation for giving deposition testimony is a reasonable hourly rate for the time actually spent in the deposition. The court has the discretion to determine what constitutes a reasonable fee for an expert witness at deposition. Rule 26(b)(4)(E). *Cf. Edin v. Paul Revere Life Insurance Co.*, 188 F.R.D. 543, 545-46 (D.Ariz. 1999). On the record before us, the court finds that the reasonable rate for Mr. Barbe's deposition is $300 per hour.

IT IS THEREFORE ORDERED that defendant American Airlines' Motion for Order Fixing Expert Witness Fee (#18) is granted. Mr. Barbe will be compensated at the rate of $300 per hour for the time actually spent in deposition and his travel time to and from the site of the deposition.

DATED this 29th day of August, 2011.

*/s/ L. Leavitt*
_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**