1

2 **UNITED STATES DISTRICT COURT**

3 **DISTRICT OF NEVADA**

4 * * *

5 NORA FARACE, *et al.,*                                    )
                                                           )
6                            Plaintiff,                     )
                                                           )
7 v.                                                        )      2:10-cv-00724-KJD -VCF
                                                           )
8 AMERICAN AIRLINES, INC*., et al.*,                        )      **O R D E R**
                                                           )
9                            Defendants.                    )
                                                           )
10 ─────────────────────────────────────────               )

11       Before the court is defendants American Airlines, Inc. *et al*'s Emergency Motion To Compel

12 Deposition.  (#30).  Plaintiffs Nora Farace *et al* filed an Opposition (#33), and defendants filed a Reply

13 (#35).

14 **Motion To Compel**

15       In the present motion to compel (#30), defendants ask this court to compel the deposition of

16 plaintiffs' expert and order the plaintiffs to reimburse defendants' counsel for the non-refundable ticket

17 counsel purchased in reliance on the deponent's assertion that he could be deposed *only* on certain days

18 in Baltimore, Maryland.

19       **A.      Relevant Facts**

20       Plaintiffs retained expert Lewis Barbe to opine regarding the safety of the jet bridge on which

21 plaintiff allegedly tripped and fell.  (#30).  After Mr. Barbe prepared his expert report, defendants

22 informed plaintiffs of the need to take his deposition.  *Id.*  Mr. Barbe insisted that his deposition be

23 taken between September 25, 2011, and September 30, 2011, in Baltimore, Maryland.  *Id.*  Defendants,

24 after working out the schedule with plaintiffs' counsel, noticed Mr. Barbe's deposition for September

25 26, 2011, and paid for a non-refundable round-trip ticket to Maryland.  *Id.*  Thereafter, Mr. Barbe

26 informed plaintiffs' counsel, and the message was relayed to defendants' counsel, that he was unable

to be deposed because he was going to be in California on September 26, 2011. *Id.* Mr. Barbe has since informed the parties that he is only available to be deposed on November 2, 2011, or November 3, 2011. *Id.* Discovery cut-off in this matter was October 7, 2011. (#17).

**B.    Argument**

Defendants assert that they incurred a non-refundable cost of $1,321.80 for the round-trip airfare purchased for the deposition. *Id.* They seek an order from the court requiring reimbursement for the total amount and compelling Mr. Barbe to be available to be deposed. *Id.* Further, defendants contend that discovery should be continued ninety (90) days in order for them to find an amenable time and place for the deposition, notice Mr. Barbe of the deposition, conduct additional follow-up discovery after the deposition, and to obtain a copy of the deposition transcript so that "a meaningful report to counsel's client may be prepared." (#35). Prior to filing this motion, defendants conferred with the plaintiffs regarding the dispute. (#30 Counsel's Affidavit). In a telephone conversation, plaintiffs' counsel conceded that the deposition needed to take place, but asserted that it was not counsel's obligation to reimburse for the ticket because he did not interfere with the process of taking the deposition. *Id.*

In opposition to the motion, plaintiffs reassert that position, and argue that since the tickets were purchased from defendant American Airlines, reimbursement of the ticket price shouldn't be an issue. (#33). Plaintiffs provide no explanation for the deponent's actions, but merely assert that Mr. Barbe was originally scheduled to testify in a Maryland court at that time, but the case settled. *Id.*

**C.    Discussion**

Pursuant to Federal Rule of Civil Procedure 37, "a party may move for an order compelling disclosure or discovery." The moving party must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Here, as discussed above, defendants conferred with the plaintiffs' counsel, but the parties were unable to resolve the issues. Upon review of the events that took place, the court finds that compelling Mr. Barbe's deposition is

2

warranted.  Mr. Barbe is ordered to appear for a deposition in Las Vegas, Nevada, no later than November 18, 2011.  If the deposition does not occur or Mr. Barbe fails to appear or cancels, the court will entertain a motion to strike his expert report.  In light of Mr. Barbe's upcoming deposition and the additional time that defendants assert is needed, discovery is hereby extended for ninety (90) days.  Absent extraordinary circumstances, the court will not grant additional discovery extensions.

Under Rule 37(a)(5)(A), "[i]f the motion [to compel] is granted...the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).  As defendants were forced to file the present motion due to the cancelled deposition, the court hereby awards defendants reasonable costs in bringing the motion.  *Id.*  Defendants shall submit to the court their reasonable costs incurred in making the motion, including which party the defendants contend should be responsible for the payment thereof.

Defendants ask this court to order that plaintiffs or Mr. Barbe reimburse them for the unused non-refundable airline ticket.  (#30).  The court notes that defendants' counsel purchased the tickets from defendant American Airlines (#35-1 Exhibit A), who is presumably the party that would ultimately pay for the airline ticket.  Therefore, the court will not order plaintiffs or Mr. Barbe to pay the $1,321.80.

Accordingly, and for good cause shown,

IT IS ORDERED that defendants American Airlines, Inc. *et al*'s Emergency Motion To Compel Deposition (#30) is GRANTED in part and DENIED in part, as discussed above.

IT IS THEREFORE ORDERED that the deposition of Mr. Barbe shall take place in Las Vegas, Nevada, on or before November 18, 2011.  Mr. Barbe's failure to appear or cancellation may result in the striking of his expert report.

IT IS FURTHER ORDERED that defendants are entitled to reasonable expenses incurred in

bringing the present motion.  Defendants shall submit to the court their reasonable costs incurred in making the motion, and shall include which party the defendants contend should be responsible for the payment thereof within fourteen (14) days from the date of this order.

DATED this 1st day of November, 2011.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

4