1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                               DISTRICT OF NEVADA

8                                      * * *

9   NORA FARACE and ANTHONY FARACE,              Case No. 2:10-cv-00724

10                          Plaintiffs,
                                                          **ORDER**
11        v.
                                             (Plaintiffs' Partial Motion for Summary
12  AMERICAN AIRLINES INC., et al.,           Judgment– Dkt. no. 21;
                                             Defendant Clark County's Motion for
13                          Defendants.       Summary Judgment– Dkt. no. 24;
                                             Defendants' Joint Motion for Summary
14                                            Judgment – Dkt. nos. 25, 26)

15

16        Before the Court are Plaintiffs Nora and Anthony Farace's **Partial Motion for**

17  **Summary Judgment** (dkt. no. 21), Defendant Clark County's **Motion for Summary**

18  **Judgment** (dkt. no. 24), and Defendant American Airlines' **Motion for Summary**

19  **Judgment** (dkt. no. 25), which Defendant Clark County ("the County") joins (dkt. no. 26).

20  The Court also considered the relevant Oppositions, Responses, and Replies to these

21  motions.

22  **I.    BACKGROUND**

23        On May 27, 2008, Plaintiff Nora Farace and her husband Plaintiff Anthony Farace

24  arrived at McCarran international Airport on American Airlines flight number 1417 from

25  Chicago.[1]   The airplane parked at Gate D-10.  Plaintiffs disembarked from the aircraft

26  and made their way onto the jet bridge (also referred to by the parties as the "jetway"),

27

28        [1] Except where stated all facts are taken from Plaintiffs' complaint (dkt. no. 1-2).

1   an enclosed, moveable connector which extends from the airport terminal to the airplane

2   and allows passengers to board and disembark without going outside.   Defendant

3   American Airlines was a non-exclusive lessee of the jet bridge, which was owned by

4   Defendant Clark County.  (Dkt. no. 23-1 at 2-4).  While walking on the jet bridge, Ms.

5   Farace tripped and fell.   When she fell, Ms. Farace was in or near the jet bridge's

6   "gutter," an uncarpeted space at the edge of the jet bridge that connects the floor of the

7   jet bridge to the wall.  (Dkt. no. 24-6 at 4-5); (dkt. no. 23-2 at 2.)  The gutter was marked

8   with yellow lines indicating caution.  (Dkt. no. 24-6 at 7.)

9           Plaintiffs filed a complaint in Nevada's Eighth Judicial District Court on April 15,

10  2010, alleging negligence, breach of the warranty of merchantability, strict products

11  liability, breach of warranty for intended use, breach of duty to warn of dangerous

12  defects, breach of contract (all on behalf of Ms. Farace), and loss of consortium (on

13  behalf of Mr. Farace).  (Dkt. no. 1-2, Ex. A.)  Defendant American Airlines timely

14  removed the case to this Court.  (Dkt. no. 1.)  Plaintiffs moved for partial summary

15  judgment, asking the Court to rule that Defendant American Airlines was acting as a

16  common carrier at the time of the incident and therefore owed Plaintiffs a heightened

17  duty of care. (Dkt. no. 21.)  Defendant Clark County filed a counter-motion for summary

18  judgment.  (Dkt. no. 24.)  Defendant American Airlines also filed a counter-motion for

19  summary judgment (dkt. no. 24), which Defendant Clark County joined (dkt. no. 26).

20          On December 2, 2011, Defendant American Airlines filed a Notice of Suggestion

21  of Bankruptcy, and the proceedings in the case were stayed.  (Dkt. no. 42.)  The stay

22  was lifted on April 9, 2012.  (Dkt. no. 43.)

23  **II.      SUMMARY JUDGMENT STANDARD**

24          The purpose of summary judgment is to avoid unnecessary trials when there is no

25  dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18

26  F.3d 1468, 1471 (9th Cir. 1994).  Summary judgment is appropriate when the pleadings,

27  the discovery and disclosure materials on file, and any affidavits "show there is no

28  genuine issue as to any material fact and that the movant is entitled to judgment as a

1   matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986).  An issue is "genuine"

2   if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for

3   the nonmoving party, and a dispute is "material" if it could affect the outcome of the suit

4   under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986).

5   Where reasonable minds could differ on the material facts at issue, however, summary

6   judgment is not appropriate.  *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir.

7   1995), *cert. denied*, 516 U.S. 1171 (1996).  "The amount of evidence necessary to raise

8   a genuine issue of material fact is enough 'to require a jury or judge to resolve the

9   parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897,

10  902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Service Co.*, 391 U.S. 253, 288-89

11  (1968)).  In evaluating a summary judgment motion, a court views all facts and draws all

12  inferences in the light most favorable to the nonmoving party.  *Kaiser Cement Corp. v.*

13  *Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

14         The moving party bears the burden of showing that there are no genuine issues

15  of material fact.  *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).  "In

16  order to carry its burden of production, the moving party must either produce evidence

17  negating an essential element of the nonmoving party's claim or defense or show that

18  the nonmoving party does not have enough evidence of an essential element to carry its

19  ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210

20  F.3d 1099, 1102 (9th Cir. 2000).   Once the moving party satisfies Rule 56's

21  requirements, the burden shifts to the party resisting the motion to "set forth specific

22  facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256.  The

23  nonmoving party "may not rely on denials in the pleadings but must produce specific

24  evidence, through affidavits or admissible discovery material, to show that the dispute

25  exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do

26  more than simply show that there is some metaphysical doubt as to the material facts."

27  *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted).  "The

28

1  mere existence of a scintilla of evidence in support of the plaintiff's position will be

2  insufficient." *Anderson*, 477 U.S. at 252.

3  **III.    PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

4      Plaintiffs request that the Court hold that Defendant American Airlines is a

5  common carrier as a matter of law.

6      A common carrier is a "commercial enterprise that holds itself out to the public as

7  offering to transport freight or passengers for a fee."  Black's Law Dictionary (9th ed.

8  2009).  "Nevada case law [provides] that a common carrier 'is bound to use the utmost

9  care and diligence to secure the safety of its passengers.'"  *Hulihan v. Reg'l Transp.*

10  *Comm'n of S. Nevada*, ___ F. Supp. 2d ___, 2:09-CV-01096-ECR, 2011 WL 2472685,

11  at *6 (D. Nev. June 21, 2011) (citing *Sherman v. Southern Pac. Co.*, 111 P. 416, 423

12  (Nev. 1910)).  "Until the passenger reaches a place outside the sphere of any activity of

13  the carrier which might reasonably constitute a mobile or animated hazard to the

14  passenger, the rule of utmost care and diligence still applies."  1 Aviation Tort and Reg.

15  Law § 7:7; *see also Brandelius v. City & County of San Francisco*, 306 P.2d 432, 436

16  (Cal. 1957).  This heightened duty does not end absolutely when the passenger alights

17  from the carriage, but rather extends until the passenger reaches a reasonably safe

18  space.  *Parker v. City & County of San Francisco*, 158 Cal. App. 2d 597, 603 (1958).

19      The parties do not dispute that Nevada law holds common carriers to a

20  heightened duty of care.  Defendant American Airlines, however, argues that it was not a

21  common carrier in this instance because it was a non-exclusive lessee rather than the

22  owner of the jet bridge.  (Dkt. no. 23-1 at 4).  Defendant cites *Njoku v. Northwest*

23  *Airlines*, 806 F. Supp. 2d 1022, 1028 (E.D. Mich. 2011), to support this proposition.

24  *Njoku*, like this case, involved a plaintiff who tripped and fell while walking on a jet

25  bridge.[2]  *Id.* at 1025.  Defendant notes that in *Njoku*, no mention was made to the airline

26  carrier's status as a common carrier, and the court granted summary judgment against

27

28      [2] The plaintiff in *Njoku* fell on a metal plate connecting segments of the jet bridge.
806 F. Supp. 2d at 1024.

4

1   the plaintiff for tripping over what was deemed an open and obvious threat.  (Dkt. no. 25

2   at 5.)   There are two problems with Defendant's analysis.   First, it is unclear whether

3   defendant Northwest owned the bridge in *Njoku*.  The court does not name Northwest as

4   a lessee, and speaks about its potential liability in terms of that of a "property owner."

5   *Njoku*, 806 F. Supp. 2d at 1028.   Second, and most importantly, Michigan law differs

6   from Nevada law in that it does not place a heightened duty of care upon common

7   carriers.  *See* W. Page Keeton, et al., Prosser and Keeton on Torts § 34 at 211 (5th ed.

8   1984) (Prosser & Keeton); *Frederick v. City of Detroit*, 121 N.W.2d 918, 921 (Mich.

9   1963).  So *Njoku* provides no guidance here.

10          An Illinois case, *Filipot v. Midway Airlines*, 261 Ill. App. 3d 237, 238 (1994), is

11   more persuasive.  Like Nevada, Illinois holds common carriers to a heightened duty of

12   care: "[a] common carrier for hire owes more than a duty of 'reasonable care' to its

13   passengers; it must exercise 'the highest degree of care consistent with the practical

14   operation of its vehicles.'"  *Raube v. Am. Airlines, Inc.*, 539 F. Supp. 2d 1028, 1034 (N.D.

15   Ill. 2008).  In *Filipot*, the plaintiff slipped and fell on a natural accumulation of ice on the

16   airport tarmac after disembarking from defendant's airplane.   261 Ill. App. 3d at 238.

17   The court held that defendant airline was acting as a common carrier while the plaintiff

18   was on the tarmac, because "the defendant's duty of highest care applies when

19   passengers entrust the common carrier to protect them from dangers to which they may

20   not otherwise have been exposed and from which they cannot otherwise protect

21   themselves."   *Id.* at 243.   There, like here, the plaintiff "had no control over where

22   defendant placed her . . . as she deplaned; she had no choice but to exit the plane

23   where it stopped and proceed, on foot, to the terminal. As she did so, she slipped, fell,

24   and injured herself."  *Id.*  As such, the "the passenger-carrier relationship had not ended,

25   nor had defendant's duty to exercise the highest degree of care in protecting plaintiff."

26   *Id.*  Whether or not defendant airline owned the tarmac did not factor into the *Filipot*

27   court's analysis and was not discussed by the court.  *See id*; *see also Gunther v. AirTran*

28   *Holdings, Inc.*, 05 Civ. 2134, 2007 U.S. Dist. LEXIS 7424, at *22-23 (S.D.N.Y. Jan. 24,

1    2007) (holding that under New York law, defendant airline, the lessee of a jet bridge,

2    owed a duty of care to its patrons under the "reasonable duty of care" standard

3    applicable to common carriers in New York, even though defendant did not own the jet

4    bridge).

5         Defendant American Airlines was a common carrier despite the fact that it leased

6    rather than owned the jet bridge.  Holding otherwise would allow common carriers to

7    choose to lease rather than own whenever they desire in an effort to dodge the

8    heightened duty placed upon them by Nevada common law.

9    **IV.    DEFENDANT CLARK COUNTY'S MOTION FOR SUMMARY JUDGMENT ON
         PLAINTIFFS' STRICT PRODUCTS LIABILITY CLAIM**

10

11        Defendant Clark County sought summary judgment on Plaintiffs' strict products

12   liability and negligence claims, and joined in Defendant American Airlines' motion for

13   summary judgment.   Plaintiffs do not oppose Defendant Clark County's motion for

14   summary judgment on their strict products liability claim. (Dkt. no. 32 at 2.)  The Court

15   therefore grants the motion with respect to Plaintiffs' strict products liability claim against

16   the County.  The Court will address the County's motion with respect to the negligence

17   claims below.

18

19   **V.     DEFENDANTS' JOINT MOTIONS FOR SUMMARY JUDGMENT[3]**

20        **A.    Defendants' Motions for Summary Judgment on Plaintiffs' Negligent
              Installation, Maintenance, and Inspection Claims**

21        In their complaint, Plaintiffs allege that Defendants negligently installed and

22   negligently failed to inspect and maintain the jet bridge. (Dkt. no. 1-2 at 3-5.)  However,

23   Plaintiffs appear to have dropped those claims in their opposition brief: "Plaintiff [does

24   not] allege that she fell as a result of any failure to inspect the jet bridge or discover the

25

26        [3] Though both Defendants call their pleadings "counter-motion[s] for summary
     judgment," and Defendant Clark County in fact claims it seeks an order granting
27   summary judgment on all issues raised in Plaintiffs' complaint (dkt. no. 24), the parties
     only address some of Plaintiffs' causes of actions in their respective motions. This Order
28   therefore only addresses those claims specifically addressed by the parties.

1   hazard"; "[t]he issue in this case comes down to whether or not the yellow and black

2   striping in the gutters at the edges of the jet bridge *served as adequate warning* under

3   the conditions at the time Ms. Farace fell. . ..".  (Dkt. no. 32 at 2) (emphasis added).

4   Further, Plaintiffs' opposition briefs only discuss the failure to adequately warn claim.

5   (*See* dkt. nos. 28, 32.)  Local Rule 7-2(d) provides that "[t]he failure of an opposing party

6   to file points and authorities in response to any motion shall constitute a consent to the

7   granting of the motion."   Therefore, the Court grants Defendants' motion for summary

8   judgment regarding those claims.

9   **B.      Defendants' Motions Regarding Plaintiffs' Other Claims**

10      The Court denies Defendants' motions for summary judgment regarding all other

11   claims without prejudice.  The motions are legally deficient in several ways.

12      First, Defendants failed to provide a concise statement of facts supported by

13   admissible evidence in support of their motions.  Local Rule 56-1 provides that motions

14   for summary judgment "shall" contain a concise statement of facts setting forth each fact

15   material to the disposition of the motion supported by citation to "the particular portions

16   of any pleadings, affidavit, deposition, interrogatory, answer, admission, or other

17   evidence upon which the party relies."  While both Defendants offer a statement of facts

18   in their motions, Defendant American Airlines' statement is not supported by any

19   evidence, let alone admissible evidence.[4]  Defendant Clark County likewise failed to

20   offer admissible evidence to support its factual statement.

21      Second, even where Defendants offer evidence to support the allegations upon

22   which they rely in seeking summary judgment, the evidence offered is not admissible.  "A

23   trial court can only consider admissible evidence in ruling on a motion for summary

24

25      [4] Plaintiffs dispute many of these facts although Plaintiffs similarly failed to offer
26   admissible evidence to demonstrate the existence of a genuine issue of material fact.
   *See Anderson*, 477 U.S. at 256  (a party opposing summary judgment must "set forth
27   specific facts showing that there is a genuine issue for trial." );  *Canada v. Blain's
   Helicopters, Inc.*, 831 F.2d 920, 925 (9th Cir. 1987) (holding that unauthenticated,
28   inadmissible documents "may not be relied upon to defeat a motion for summary
   judgment.").

1   judgment." *Orr v. Bank of America.*, 285 F.3d 764, 773 (9th Cir.2002) (citing Rule 56(e)

2   and *Beyene v. Colemant Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir.1988)). It is well

3   established that unauthenticated evidence is not admissible and cannot be considered in

4   a motion for summary judgment.  *Id.* at 773 (explaining that authentication is a "'condition

5   precedent to admissibility,'" and this condition is satisfied by "'evidence sufficient to

6   support a finding that the matter in question is what its proponent claims.'"); *Cristobol v.*

7   *Siegel*, 26 F .3d 1488, 1494 (9th Cir. 1994); *Hal Roach Studios, Inc. v. Richard Feiner &*

8   *Co. Inc.*, 896 F.2d 1542, 1550–51 (9th Cir.1987).   A person with personal knowledge

9   and who could admit the evidence at trial may authenticate evidence for a summary

10  judgment motion by attaching the evidence to a properly executed affidavit attesting to

11  the evidence's authenticity. *Id.* at 773–74.   Here, Defendants submitted exhibits and

12  deposition transcripts to support some of the facts set forth in their motions, but failed to

13  authenticate these exhibits.   The deposition transcripts submitted did not include the

14  court reporter's certificates to independently authenticate them.  A copy of a photograph

15  of the alleged jet bridge must be properly authenticated to be admissible.[5]

16       Finally, Defendants' motions raise an affirmative defense, arguing that the gutter

17  is an "open and obvious danger," but Defendants do not explain how this defense is

18  applicable under Plaintiffs' current theory of the case.   In Nevada, the "open and

19  obvious" defense applies to cases alleging a failure to warn.   *Harrington v. Syufy*

20  *Enterprises*, 931 P.2d 1378, 1381 (Nev. 1997).   Plaintiffs presently do not argue that

21  Defendants failed to warn Ms. Farace of the gutter, but rather argue that the warning

22  provided – the yellow and black striping – was inadequate.  (Dkt. no. 32 at 2.)  Though

23  Defendant Clark County addresses this argument in one of its reply briefs (dkt. no. 36), it

24  does not cite any case law countering Plaintiffs' inadequate warning theory, nor does it

25  explain how the "open and obvious" defense would apply to this theory.  And Plaintiffs

26  fail to provide case law supporting their contention that Defendants had a duty to provide

27

28      [5] Any reference to inadmissible evidence in this Order is merely to provide context regarding the parties' assertions and does not affect the Order's outcome.

8

1   a different or supplemental warning to the warning already provided by the manufacturer

2   of the jet bridge.  Should the parties file further motions in this case, the Court directs

3   them to address whether Plaintiffs may proceed under their new theory and to provide

4   relevant authority regarding the negligence claim in a scenario like this one.  The parties

5   should consider: where an invitee uses a product on a landowner/occupier's property

6   and that product already has a warning label, does the owner and/or occupier ever owe

7   invitees a duty to provide a supplemental warning, and if so, when?

8   **VI.    CONCLUSION**

9          Accordingly, IT IS HEREBY ORDERED that Plaintiffs' motion for partial summary

10  judgment is GRANTED.

11         IT IS HEREBY ORDERED that Defendant Clark County's motion for summary

12  judgment is GRANTED in part and DENIED in part as follows:

13         • The Court grants the motion regarding Plaintiffs' strict products liability claim

14           and its negligent installation, maintenance, and inspection claims;

15         • The motion is denied in all other respects.

16         IT IS HEREBY ORDERED that Defendant American Airlines' motion for summary

17  judgment, joined by Defendant Clark County, is GRANTED in part and DENIED in part

18  as follows:

19         • The Court grants the motion regarding Plaintiffs' negligent installation,

20           maintenance, and inspection claims;

21         • The motion is denied in all other respects.

22

23         ENTERED THIS 21st day of June 2012.

24

25                                              UNITED STATES DISTRICT JUDGE

26

27

28