UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NORA FARACE and ANTHONY FARACE,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN AIRLINES INC., et al.,<br><br>Defendants. | Case No. 2:10-cv-00724-MMD-VCF<br><br>**ORDER**<br><br>(Motions for Summary Judgment – dkt. nos. 46, 47) |

## I.  SUMMARY

Before the Court are Defendants American Airlines and Clark County's Motions for Summary Judgment. (Dkt. nos. 46 and 47.) The parties have both filed joinders to each other's Motions. (Dkt. nos. 47 and 49.) For the following reasons, the Motions are both denied.

## II.  BACKGROUND

On May 27, 2008, Plaintiff Nora Farace and her husband Plaintiff Anthony Farace arrived at McCarran international Airport on American Airlines flight number 1417 from Chicago. The airplane parked at Gate D-10. Plaintiffs disembarked from the aircraft and made their way onto the jet bridge (also referred to by the parties as the "jetway"), an enclosed, moveable connector which extends from the airport terminal to the airplane and allows passengers to board and disembark without going outside. Defendant American Airlines was a non-exclusive lessee of the jet bridge, which was owned by

Defendant Clark County. (Dkt. no. 23-1 at 2-4.) While walking on the jet bridge, Ms. Farace tripped and fell. When she fell, Ms. Farace was in or near the jet bridge's "gutter," an uncarpeted space at the edge of the jet bridge that connects the floor of the jet bridge to the wall. (Dkt. nos. 24-6 at 4-5, 23-2 at 2.) The gutter was marked with black and yellow lines indicating caution. (Dkt. no. 24-6 at 7.)

Plaintiffs filed a complaint in Nevada's Eighth Judicial District Court on April 15, 2010, alleging negligence, breach of the warranty of merchantability, strict products liability, breach of warranty for intended use, breach of duty to warn of dangerous defects, breach of contract (all on behalf of Ms. Farace), and loss of consortium (on behalf of Mr. Farace). (Dkt. no. 1-2, Ex. A.) Defendant American Airlines timely removed the case to this Court. (Dkt. no. 1.)

On June 21, 2012, the Court granted Plaintiffs' Motion for Summary Judgment regarding American Airlines' status as a common carrier. (Dkt. no. 45.) The Court also granted in part and denied in part Defendants' Motions for Summary Judgment. (*Id.*) Only Plaintiffs' negligence and loss of consortium claims remain. The loss of consortium cause of action is derivative of the negligence claim. Plaintiffs argue that Defendants failed to provide an adequate warning about the danger posed by the jet bridge gutter.

**III.   DISCUSSION**

   **A.   Legal Standard**

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-finder could find for the nonmoving party, and a dispute is "material" if it could affect the outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Where reasonable minds could differ on the material facts at issue, however, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). "The amount of evidence necessary to raise a genuine issue of material fact is enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). "In order to carry its burden of production, the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000). Once the moving party satisfies Rule 56's requirements, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (internal citations omitted). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

### B. Whether Plaintiffs have a Viable Legal Cause of Action

Defendants ague that failure to adequately warn is a theory of recovery sounding in product liability, not in negligence. (*See* dkt. no. 47 at 3.) In support of this argument,

3

Defendants cite to *Ugaz v. American Airlines*, 576 F. Supp. 2d 1354, 1375 (S.D. Fla. 2008). There, the plaintiff sued American Airlines when she fell walking up an inoperable escalator shortly after her flight arrived at Miami International Airport. *Id.* The court held that to the extent the inoperable escalator was dangerous, the onus was on the escalator's manufacturer, not the airline, to equip the escalator with a warning label. *Id.* This Court agrees with the *Ugaz* court that a manufacturer's failure to warn may make it liable for negligence or strict liability. However, the Court parts way with the *Ugaz* court's reasoning that, as a matter of law, *only* the manufacturer is responsible for providing a warning label on a potentially harmful product. In certain instances, a landowner who places a potentially dangerous product on her property may be liable as well. Were the Court to determine that a landowner is *never* liable for harms caused by dangerous products she places on her property, this could (1) incentivize landowners to purchase inexpensive, defective products; and/or (2) disincentivize landowners from placing warning signs or labels on dangerous products where the manufacturer has failed to do so (or has done so, but ineffectively). Such a result does not comport with a key principle of landowner liability tort law – that a property owner must exercise reasonable care in managing and maintaining her property. *See, e.g., Sprecher v. Adamson Cos.*, 30 Cal. 3d 358, 363 (1981), (it is a "fundamental concept" that "a person is liable for injuries caused "by his want of ordinary care . . . in the management of his property or person . . . .") (ellipses in original; citation and quotation marks omitted)).

### C. Duty of Care and the "Open and Obvious" Danger Doctrine

"[A] landowner owes a duty to use reasonable care to keep the premises in a reasonably safe condition for use." *Scialabba v. Brandise Const. Co., Inc.*, 921 P.2d 928, 930 (Nev. 1996).

"To prevail on a negligence claim, a plaintiff must establish four elements: (1) the existence of a duty of care, (2) breach of that duty, (3) legal causation, and (4) damages." *Scott v. Equity Group, Inc.*, No. 54806, 2012 WL 3139856, at *2 (Nev. July 31, 2012) (quotation marks and citation omitted). "In negligence actions, courts are

4

generally reluctant to grant summary judgment. Nevertheless, when plaintiff cannot recover as a matter of law, defendant is entitled to summary judgment. To establish entitlement to judgment as a matter of law, defendant need only negate one element of plaintiff's case (i.e., duty, breach, causation, or damages)." *Harrington v. Syufy Enters.*, 931 P.2d 1378, 1380 (Nev. 1997) (citations omitted).

Defendants' primary argument is that they owed Plaintiffs no duty of care because the gutter constituted an "open and obvious" danger.

With some exceptions, there is no duty to warn when a danger is open and obvious. *Kalter v. Grand Circle Travel*, 631 F. Supp. 2d 1253, 1259 (C.D. Cal. 2009). "A plaintiff is barred from recovery where the danger is obvious. However, [the] analysis does not stop there, because [a plaintiff's] knowledge of dangerous conditions does not inevitably bar recovery as other circumstances may properly bear upon the right to recover. For example, even where a danger is obvious, a defendant may be negligent in having created the peril or in subjecting the plaintiff to the peril. In addition, [a plaintiff's] knowledge of a dangerous condition may not bar recovery if his mission justifies encounter of it." *Nivens v. TA Operating Corp.*, No. 55460, 2011 WL 6916438, at *2 (Nev. Dec. 27, 2011) (quotation marks and citations omitted).

The Court determines that the open and obvious danger doctrine is inapplicable here for two reasons. First, defendants essentially concede that the danger was not open and obvious. The parties agree that Defendants *did* warn Ms. Farace of the dangerous condition of the gutter. They agree the black and yellow striping on the gutter constituted such a warning. The question is whether Defendants should have done something more. Thus, the "open and obvious" danger doctrine cannot apply here, because Defendants implicitly recognized the gutter's danger *was not* open and obvious by placing the "warning" label on the gutter. (*See* dkt. no. 47 at 8: "The undisputed facts . . . confirm [Ms. Farace] was warned. [She] was admittedly aware that the yellow stripes

///

///

meant there was a potential hazard [sic] sufficient to establish this undisputed fact."]).[1] Second, whether or not a danger is open and obvious, once a defendant warns others about the danger, it has a duty to make the warning adequate. To hold otherwise would leave injured plaintiffs without recourse against defendants who provide mere cursory warnings. The better result is to have a jury decide whether or not a defendant's warning regarding a dangerous condition was so inadequate as to breach the duty of care owed to the plaintiff.

Notably, *Ugaz*, which both Defendants cite throughout their Motions, is not analogous to this case. 576 F. Supp. 2d at 1357. There the court held that American Airlines owed no duty to the plaintiff, that the inoperable escalator was not the proximate cause of the plaintiff's injury, and determined that the open and obvious danger doctrine was not applicable because the inoperable escalator was not hazardous. *Id.* at 1367-74. But here, the Court has ruled that American Airlines owes a heightened "common carrier" duty to Faraces (*see* dkt. no. 45) and Clark County does not deny that as the landowner it owed the Faraces a heightened duty of care; causation is not at issue in this Motion; and the Court does not hold that a jet bridge with a warning label is, as a matter of law, harmless. In fact, by arguing that the jet bridge gutter was an open and obvious danger, Defendants impliedly recognize that the gutter was, in fact, dangerous. Though Defendants are free to argue in the alternative, *see* Fed. R. Civ. P. 8(d)(2),(3), the Court is unconvinced that a jet bridge gutter, a product that comes with a warning label on it, is inherently unhazardous.

///

///

///

---

[1] Defendants argue that in Ms. Farace's deposition testimony, Ms. Farace states that she did not need additional warning to understand the danger posed by the gutter. After reviewing Ms. Farace's deposition transcript, the Court determines that Defendants mischaracterize her testimony.

6

## IV. CONCLUSION

IT IS HEREBY ORDERED that Defendants' Motions for Summary Judgment (dkt. nos. 46 and 47) are DENIED.

ENTERED THIS 14th day of January 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE