UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NORA FARACE and ANTHONY FARACE, | Case No. 2:10-cv-00724-MMD-VCF |
| Plaintiffs, | |
| v. | ORDER |
| AMERICAN AIRLINES INC., et al., | (Plfs.' Motion in Limine – dkt. no. 70) |
| Defendants. | |

Before the Court is Plaintiffs' Motion in Limine to Allow Plaintiff's Illinois Treating Physicians to Testify by Contemporaneous Transmission from a Different Location. (Dkt. no. 70.) Plaintiffs request that Plaintiff Nora Farace's physicians, Dr. Yu-Tungol, Dr. Izquierdo, and Dr. Thors, all of whom reside in Illinois, be permitted to testify by contemporaneous transmission pursuant to Federal Rule of Civil Procedure 43(a). Plaintiffs assert that requiring these three witnesses to testify in open court would increase costs significantly and would deprive the doctors' other patients of their treating physicians for one or two days. (*See id.* at 2–4.)

At trial, a witnesses' testimony must be taken in open court unless a federal rule or statute provides otherwise. Fed. R. Civ. P. 43(a). The rule allows for testimony in open court by contemporaneous transmission from a different location "[f]or good cause in compelling circumstances and with appropriate safeguards . . . ." *Id.* The Advisory Committee Notes emphasize the importance of live testimony in court and state that "[t]he very ceremony of trial and the presence of the factfinder may exert a powerful

force for truthtelling." Fed. R. Civ. P. 43(a) advisory committees notes to the 1996 amendment. Contemporaneous transmission, therefore, "cannot be justified merely by showing that it is inconvenient for the witness to attend the trial" and thus "[t]he most persuasive showings of good cause and compelling circumstances are likely to arise when a witness is unable to attend trial for unexpected reasons . . . ." *Id.* Other possible justifications "must be approached cautiously." *Id.*

Neither of Plaintiffs' reasons for requesting that Ms. Farace's doctors be able to testify by contemporaneous transmission is unexpected. Indeed, the same concerns would arise in any case in which a party seeks to introduce the testimony of an out of state medical professional. Plaintiffs' have therefore not demonstrated good cause.

It is hereby ordered that Plaintiffs' Motion in Limine (dkt. no. 70) is denied.

ENTERED THIS 22nd day of October 2013.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE